UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Tolekis Biin Tutora,

                              Plaintiff,

      -v-                                                    3:10-CV-0332
                                                                        (TJM)(DEP)

Dau Soukthavong,

                              Defendant.

---

APPEARANCES:

TOLEKIS BIIN TUTORA
Plaintiff, *pro se*

Thomas J. McAvoy
Senior United States District Judge

## DECISION and ORDER

Plaintiff Tolekis Biin Tutora originally filed this *pro se* civil action, along with a motion for leave to proceed *in forma pauperis*, on March 23, 2010.[1] (Dkt. Nos. 1 and 2). The allegations in Plaintiff's initial Complaint, which was sparse in factual detail, appeared to relate solely to a Broome County Family Court proceeding, and the only Defendant named in the caption was "Mr. Dau Soukthavong". Upon a liberal reading of

---

[1] A review of court records reveals that Plaintiff is no stranger to litigation in this district court, having filed at least ten lawsuits over the past decade. Including this lawsuit, the following four actions were recently filed by the Plaintiff and remain pending in this district: *Tutora v. New York State Comm'r of Corrections and Accreditation, et al.*, 9:10-CV-0206 (GLS/DEP) (filed February 23, 2010); *Tutora v. Correctional Medical Care, Inc., et al.*, 9:10-CV-0207 (GLS/GHL) (filed February 23, 1010); and, *Tutora v. Soukthavong, et al.*, 3:10-CV-0332 (TJM/DEP) (filed March 23, 2010).

1

Plaintiff's initial filing, the most that the Court could glean from Plaintiff's Complaint was a purported claim arising out of the Broome County Family Court proceeding relating to the paternity and support of his wife's child, of whom he claims defendant is the biological father.  Even affording Plaintiff's original Complaint the utmost of special solicitude, to which he is entitled as a *pro se* litigant, the Court concluded that under the *Rooker-Feldman* doctrine, it did not have jurisdiction to review an order of New York State Family Court, and further that Plaintiff's Complaint failed to state a cause of action under 42 U.S.C. § 1983.  Accordingly, by Decision and Order dated April 27, 2010, (Dkt. No. 6), the Court dismissed the Complaint, but afforded Plaintiff the opportunity to assert a plausible claim for deprivation of his civil rights by granting Plaintiff leave to file an amended complaint within thirty days.  Plaintiff timely filed an Amended Complaint, (Dkt. No. 8), which is now before the Court to determine its compliance with the terms of this Court's previous Decision and Order.

    Although the Plaintiff's Amended Complaint includes considerably more factual detail, it quite obviously fails to rectify the fatal deficiencies that resulted in dismissal of the original Complaint.  Indeed, once again, the only claim alleged in the Amended Complaint seems to arise out of the Broome County Family Court proceeding and relate to the paternity and support of his wife's child, and it seems clear from the added factual detail that Plaintiff cannot allege a civil rights claim.  As in the original filing, the Amended Complaint seeks a court-ordered DNA test to confirm paternity of the child and $ 3 million in damages.  Nowhere in the Amended Complaint does Plaintiff allege a civil rights violation.  For the reasons set forth in this Court's Decision and Order of April 27, 2010,  the Court will, *sua sponte,* dismiss the Amended Complaint for failure to

state a claim and as frivolous.

Generally, when a *pro se* action is dismissed *sua sponte*, the Plaintiff should be allowed to amend his Complaint. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) (citation omitted); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted); *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). Here, Plaintiff already was afforded an opportunity to amend his Complaint, and, as previously noted, from the amended pleading it seems clear that Plaintiff has no federal claim.

For the reasons stated above, as well as those set forth in the Court's Decision and Order of April 27, 2010, the Court finds that the deficiencies in Plaintiff's Amended Complaint are substantive. As a result, providing Plaintiff with a further opportunity to amend would be futile.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 8) is **DISMISSED;** and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the Plaintiff by regular mail.

Dated: September 16, 2010

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge